UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATAN ALONSO SARZOSA-DEFAZ,

Petitioner,

-against-

ACTING FIELD OFFICE DIRECTOR OF NEW YORK IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Respondents.

ORDER

26-CV-6604 (ER)

EDGARDO RAMOS, United States District Judge:

Jonatan Alonso Sarzosa-Defaz, who is proceeding *pro se* and appearing by next friend Gloria Elena Asimbaya Pineda, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on August 1, 2026. On August 3, 2026, the Court directed Respondents to file a letter responding to a series of questions by August 5, 2026, and an answer to the Petition by August 6, 2026. Doc. 4. The Court also directed Petitioner to file a reply by August 17, 2026. *Id.*

Respondents filed their letter-response on August 5, 2026, which addressed Petitioner's argument that he was unconstitutionally detained pursuant to 8 U.S.C. § 1225(b). Doc. 7. The letter-response conceded that "the Court should grant the petition given that Petitioner's detention is properly governed by 8 U.S.C. § 1226(a)," but argued that the Court should deny Petitioner's request for release and instead order a bond hearing because ICE "conducted an individualized initial custody determination as required under § 1226(a)." Doc. 7 at 3. Having addressed Petitioners' claim that he was improperly detained pursuant to 8 U.S.C. § 1225(b), Respondents then indicated that they "do not believe that an additional submission from [them] to the Court is necessary." *Id.* at 4.

In seeking release, however, Petitioner does not rely solely on Respondents' decision to detain him pursuant to 8 U.S.C. § 1225. He also argues that he is entitled to release because ICE (1) "stopped, questioned, and detained him without reasonable suspicion, probable cause, or a warrant, [and] target[ed] him solely based on his apparent race/ethnicity," and (2) "failed to allow him to contact counsel or provide[] an[] avenue so that he could reach out to counsel or request counsel to file a [h]abeas [c]orpus [petition] challenging his unlawful detention." Doc. 1 at 2–3. Thus, Respondents' letter-response does not fully address Petitioner's constitutional claims or the appropriateness of his request for release.

Respondents are therefore directed to file an answer to the Petition that responds to these claims by August 10, 2026. Petitioner's reply, if any, is still due by August 17, 2026.

It is SO ORDERED.

Dated: August 6, 2026
New York, New York

EDGARDO RAMOS
United States District Judge