UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATAN ALONSO SARZOSA-DEFAZ,

Petitioner,

-against-

ACTING FIELD OFFICE DIRECTOR OF NEW YORK IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Respondents.

**ORDER**

26-CV-6604 (ER)

EDGARDO RAMOS, United States District Judge:

Jonatan Alonso Sarzosa-Defaz, who is proceeding *pro se* and appearing by next friend Gloria Elena Asimbaya Pineda, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on August 1, 2026.[1] Doc. 1. In his petition, Sarzosa-Defaz asserted three claims for habeas relief.

*First*, Petitioner argues that the Government violated his due process rights when it detained him pursuant to 8 U.S.C. § 1225(b)'s mandatory detention provisions, rather than 8 U.S.C. § 1226(a)'s discretionary detention scheme. Doc. 1 at 2–3. The Government does not dispute that, according to ICE, Petitioner is currently being detained pursuant to § 1225(b). Doc. 11 at 7–8. Yet, the Government also acknowledges that, under Second Circuit and this Court's precedents, Petitioner's detention "can only be governed by 8 U.S.C. § 1226(a)." *Id*. Thus, the Government concedes that—contrary to ICE's current position—Petitioner cannot be lawfully detained pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). The Court

[1] The Government filed its answer to the Petition on August 10, 2026. Doc. 11. Petitioner's deadline to file a reply brief was August 17, 2026. Doc. 13. Because neither he nor his next friend has filed a reply by that deadline, the Court considers the Petition fully briefed.

agrees. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 71, 74–75, 96 (2d Cir. 2026); *Liu v. Almodovar*, No. 25 Civ. 9256 (ER), 2025 WL 3458633, at *4 (S.D.N.Y. Dec. 2, 2025). Accordingly, Petitioner's detention must be analyzed under § 1226(a).

Pursuant to § 1226(a), Petitioner was entitled to "an initial determination as to eligibility for release and the opportunity for a bond hearing upon detention." *Sharifzoda v. Orange County Jail*, No. 26-CV-02486 (KMK), 2026 WL 851378, at *1 (S.D.N.Y. Mar. 27, 2026) (citing 8 C.F.R. § 1236.1(d)(1)). Here, the record suggests that Petitioner received the former insofar as ICE originally based its detention decision on an individualized determination that he posed a danger to the community. *See* Doc. 10 ¶¶ 15, 20; Doc. 9-5 at 3. Indeed, the record shows that ICE officers detained Petitioner after they "encountered [him] operating a motor vehicle on a public street with an open container of alcohol and a minor in the back seat," and thus "concluded that [he] posed a public safety threat." Doc. 11 at 9. Consistent with this understanding, ICE then issued a Form I-200 warrant for his arrest and processed Petitioner for detention pursuant to 8 U.S.C. § 1226(a). Docs. 7-8, 7-9, 7-10.

However, since then, ICE has taken the position that Petitioner is subject to mandatory detention pursuant to § 1225(b).[2] Doc. 11 at 4. As a result, Petitioner has been improperly denied the opportunity to obtain a bond hearing. The appropriate remedy for this due process violation is an order requiring the Government to provide Petitioner with the requisite hearing.

---

[2] ICE amended Petitioner's paperwork to reflect this redetermination on August 6, 2026. Doc. 10 ¶ 22. Counsel for the Government explains that ICE has taken this position "because Petitioner was apprehended within 14 days of his unlawful entry and 100 miles of the border." Doc. 7 at 2. However, counsel for the Government explains that "the Government does not press that argument" and instead "acknowledges" that Petitioner's detention is governed by the discretionary provisions of 8 U.S.C. § 1226(a). Doc. 11 at 7–8. The Court agrees with the Government that ICE's position contravenes Second Circuit and this Court's precedents. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 71, 74–75, 96 (2d Cir. 2026); *Liu v. Almodovar*, No. 25 Civ. 9256 (ER), 2025 WL 3458633, at *4 (S.D.N.Y. Dec. 2, 2025).

*See Rivas Reyes v. Mullin*, No. 26 Civ. 4334 (PAE), 2026 WL 1707170, at *4 (S.D.N.Y. June 12, 2026) (collecting cases); *Simms v. Arteta*, No. 26-CV-5712 (LJL), 2026 WL 2076009, *4 (S.D.N.Y. July 17, 2026) (same).

*Second*, Petitioner claims that his detention violates the Due Process Clause of the United States Constitution because he was "stopped, questioned, and detained . . . without reasonable suspicion, probable cause, or a warrant." Doc. 1 at 2–3. However, the record reflects that ICE officers arrested Petitioner pursuant to a Form I-200 warrant, which the officers obtained after a records check revealed that Petitioner lacked legal status and Petitioner confirmed the same. Docs. 9-6, 10 ¶ 16–17. Because Petitioner does not challenge the validity of this warrant or the probable cause determinations upon which it was based, this claim does not warrant habeas relief. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

*Third*, and finally, Petitioner asserts that the Government unconstitutionally denied him the opportunity to contact counsel to assist with his habeas petition. Doc. 1 at 2–3. This claim also lacks merit. For one, "it is well settled in the Second Circuit and elsewhere that 'there is no constitutional right to representation by counsel in habeas corpus proceedings.'" *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (quoting *United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960)). Nor has Petitioner shown that the Government "hindered" his "efforts to pursue a legal claim," such that its conduct denied him his constitutional right of access to the courts. *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997). Indeed, the Government represents that, during his post-arrest processing, Petitioner was provided with a list of pro bono legal service providers and permitted to make a phone call, which he used to call his

wife, who then filed the instant petition. Doc. 10 ¶¶ 18–19. And Petitioner does not dispute this representation. Thus, Petitioner has not shown that his constitutional rights were violated on these grounds.

In sum, the Court finds that, of Petitioner's claims, only his § 1226(a) claim has merit. Accordingly, by August 26, 2026, an immigration judge must either hold a bond hearing at which the Government bears the burden of proving that Petitioner is a danger to the community or a flight risk by clear and convincing evidence. If a bond hearing is not held by that date (and Petitioner has not otherwise consented to an extension), Petitioner must be released immediately. In determining whether to grant bond, the immigration judge shall consider the availability of alternative conditions of release and Petitioner's ability to pay.

Within 72 hours of the bond hearing, the Government shall file a letter on the docket of this case stating the outcome of the bond hearing. If Petitioner is not ordered released at the hearing, the Government shall provide the Court with a transcript of the hearing within the same timeframe. The Government is further enjoined from invoking 8 U.S.C. § 1225 as a basis for Petitioner's detention before the immigration judge or the Board of Immigration Appeals.

It is SO ORDERED.

Dated: August 19, 2026
New York, New York

EDGARDO RAMOS
United States District Judge